IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARTIN MARIETTA MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LONNIE RAY LEWIS AND SHIRLEY A. LEWIS, <br><br> Serve at:  Lonnie Ray Lewis and Shirley A. Lewis, Route 1 Box 304, Cave-in-Rock, Illinois  62919 <br><br> Defendants. | Case No. |

## COMPLAINT

For its complaint against Lonnie Ray Lewis and Shirley A. Lewis, Martin Marietta Materials, Inc., states and alleges:

### Parties and Jurisdiction

1. Martin Marietta is a corporation organized under North Carolina law, with its principal place of business in Raleigh, North Carolina.

2. Upon information and belief, Lonnie Ray Lewis and Shirley A. Lewis are citizens and residents of Illinois.

3. This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Personal jurisdiction and venue are appropriate because Lonnie and Shirley Lewis are residents of Hardin County, Illinois.

## Background

5. Martin Marietta is in the business of mining and selling construction aggregates such as sand, crushed stone, and gravel. Martin Marietta operates quarries, aggregate facilities, and distribution facilities in multiple states, including Illinois.

6. From 1995-2006, Martin Marietta operated a construction aggregates facility in Hardin County, Illinois.

7. Lonnie and Shirley Lewis owned undeveloped property adjacent to the Hardin County aggregates facility.

8. In spring 2003, Martin Marietta and Lonnie and Shirley Lewis entered into a lease agreement allowing Martin Marietta to construct and use a roadway on the Lewises' property. (Lease, attached as Exhibit A.)

9. The initial term of the lease is five years, but the lease automatically renews every five years for up to a total of twenty years duration. (Lease at ¶ 3.)

10. Lonnie and Shirley Lewis receive lease payments starting at $10,200 per year, subject to a producer price index (PPI) escalation clause. (Lease at ¶ 5.) In addition, upon "reasonable advance notice," the Lewises could obtain annually, free of charge for farm usage, up to 500 tons of agricultural lime and 200 tons of clean aggregate. (Lease at ¶ 5.)

11. In exchange for payments to the Lewises and the Lewises' right to certain free materials, Martin Marietta acquired the right to transport construction materials, equipment, and personnel across the Lewises' property. (Lease at ¶ 2.)

12. The Lease expressly provides that Martin Marietta may assign its rights under the agreement. Paragraph 16 states:

> Martin Marietta may assign this Agreement or sublease all or a portion of the Premises upon notice to, but without the consent of, the Owner, to any of its corporate affiliates. It may also permit others to use the Premises from time to time exclusively for the transportation of mining and other equipment, as well as personnel, without the consent of the Owner. All other assignments or subleases by either party shall require the prior written consent of the other party, *which shall not be unreasonably withheld or delayed.*

(Lease at ¶ 16, emphasis added.)

13. In 2006, Lafarge North America, Inc., assumed operating control of the aggregates facility adjacent to the Lewises' property, but since that time, Lafarge North America has not used the Lewises' property, even for the purposes described in the lease.

14. At all times pertinent hereto, Martin Marietta tendered timely payments to the Lewises in exchange for use of their property pursuant to the lease terms, including the years 2006 through 2011 when Lafarge operated the aggregates facility.

15. In late 2011, Martin Marietta and Lafarge executed an asset exchange agreement that, among other things, called for Martin Marietta to assign the Lewises' lease to Lafarge pursuant to lease paragraph 16.

16. Martin Marietta and Lafarge each contacted the Lewises multiple times to obtain their consent to the assignment.

17. Although the Lewises' consent "shall not be unreasonably withheld or delayed," the Lewises have repeatedly refused and continue to refuse to give their consent.

18. The Lewises' refusal to consent is unreasonable as a matter of law. Lafarge is a world-class company experienced in the construction materials industry, with an excellent compliance record, and Lafarge is ready, willing, and able to comply with all the lease terms.

19. The Lewises have no legally valid reason for their refusal to consent to the assignment.

20. The Lewises have improperly delayed giving consent to the assignment in violation of the lease agreement. (Lease at ¶ 16, consent "shall not be delayed.")

### Count-I: Specific Performance

21. Martin Marietta incorporates by reference all the foregoing paragraphs.

22. The lease is a valid and enforceable contract under which the Lewises are obligated to perform according to terms and conditions therein. Martin Marietta has performed all of its obligations under the lease.

23. Because the Lewises do not have a valid legal basis for refusing to consent to the assignment, Martin Marietta is entitled to specific performance of the Lewises' obligations under lease paragraph 16.

### Count-II: Breach of Lease--Damages

24. Martin Marietta incorporates by reference paragraphs 1 through 20.

25. The Lewises breached the lease by failing to furnish prompt consent.

26.     Martin Marietta has incurred and continues to incur direct and consequential damages caused by the Lewises' breach.

27.     Martin Marietta's damages exceed the jurisdictional minimum of the Court.

WHEREFORE, Martin Marietta demands:

(a)     An order commanding specific performance of the Lewises' obligations under lease;

(b)     An award of direct and consequential damages in an amount to be determined by the trier of fact;

(c)     Costs and expenses, including attorneys' fees, as provided in the lease;

(d)     All other relief to which it may be entitled.

/s/Clark C. Johnson
Clark C. Johnson, *Lead Attorney*
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
(502) 587-3400

COUNSEL FOR MARTIN MARIETTA MATERIALS, INC.

DATED:     January 14, 2014

OF COUNSEL:

John L. Tate (*pro hac vice* forthcoming)
Cassandra J. Wiemken (*pro hac vice* forthcoming)
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky  40202-3352
(502) 587-3400